IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE FRY, JR.,

    Petitioner,

v.                                                                         Civil Action No. 1:18cv165
                                                                                       (Judge Kleeh)

FREDERICK ENTZEL,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 23, 2018, the *pro se* Petitioner, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his career offender sentence imposed in the United States District Court for the Northern District of Ohio. Pursuant to a Notice of Deficient Pleading, Petitioner paid his $5.00 filing fee on September 4, 2018.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from Senior United States District Judge Irene M. Keeley to United States District Judge Thomas S. Kleeh.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. Factual and Procedural History[1]

### A. Conviction and Sentence

---

[1] The facts are taken from the Petitioner's criminal Case No. 5:13cr471 in the United States District Court for the Northern District of Ohio, available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. Philips v. Pitt Cnty. Mem Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On October 22, 2013, Petitioner was charged in a two-count Indictment in Count One: possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count Two: possession with intent to distribute a controlled substance (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On December 13, 2013, Petitioner entered a plea to Counts One and Two. The Court deferred sentencing pending preparation of a presentence report ("PSR").

A sentencing was held on April 22, 2014. The district court found that Petitioner had a lengthy prior criminal record and that he qualified as a career offender based on his two prior felony drug trafficking convictions, in violation of Ohio Revised Code 2925.03. Accordingly, the court found that Fry was subject to an offense level of 29, his extensive criminal history resulted in a Category of VI, giving him a Sentencing Guidelines range of 151 to 188 months of imprisonment. The Court sentenced Petitioner to a 120-month term of imprisonment on Count One, and a 151-month term of imprisonment on Count Two, to run concurrently, to be followed by a 3-year term of supervised release on both counts, to run concurrently. ECF No. 15.

**B. Direct Appeal**

Petitioner timely appealed. ECF No. 17. On appeal, Petitioner argued that the district court abused its discretion by failing to impose a sentence below the applicable Sentencing Guidelines range; that prison was not an effective method of deterrence, and that the district court failed to explain how its sentence would protect the public from harm. Finally, he argued that the district court placed undue emphasis on his criminal history and the seriousness of his offenses.

By unpublished Order entered April 29, 2015 in Sixth Circuit Case No. 14-3458, ECF No. 18-2, the district court's judgment was affirmed.

**C. First Motion to Vacate**

On October 17, 2016, Petitioner filed a motion under 28 U.S.C. § 2255 in which, relying on Mathis[2] he argued that his prior drug trafficking convictions no longer qualified as predicate offenses to support his designation as a career offender. ECF No. 33. By Memorandum Opinion and Order entered February 23, 2017, Petitioner's motion to vacate was denied and a certificate of appealability was denied. ECF No. 34. On March 8, 2017, Petitioner moved for reconsideration. ECF No. 36. By Order entered January 9, 2018, the motion for reconsideration was denied. ECF No. 36.

**D. Second Motion to Vacate**

On March 19, 2018, Petitioner filed a Motion Pursuant to Federal Rule of Civil Procedure 60(b)(1)(6), seeking relief from the sentencing court's denial of his first § 2255 motion and raising the same claims he raised in his first § 2255 motion. ECF No. 38. The Government filed a response in opposition on March 26, 2018. ECF No. 41. By Order entered March 28, 2018, the motion was construed as a successive § 2255 motion and transferred to the Sixth Circuit Court of Appeals, where it was docketed as Case No. 18-3271. ECF No. 42. Fry appealed the transfer order; that appeal was docketed as Sixth Circuit Case No. 18-3350; by Order entered May 15, 2018, the Sixth Circuit dismissed the appeal for lack of jurisdiction.[3] ECF No. 44. The Sixth Circuit denied Fry's motion for authorization to file a second or successive § 2255 motion by Order entered September 18, 2018.[4] ECF No. 45.

**III. Claims in the Instant Petition**

---

[2] Mathis v. United States, 579 U.S. ___, 136 S.Ct. 2243 (2016).

[3] Fry v. United States, Case No. 18-3350, slip op. (6th Cir. May 15, 2018).

[4] See In re: Lawrence Fry, Jr., Case No. 18-3271 (6th Cir. Sep. 18, 2018).

In support of his § 2241 petition, Petitioner again argues that his prior convictions under Ohio Code 2925.03 do not qualify as controlled substance predicate offenses for a career offender enhancement.[5] ECF No. 1 at 5. In support of this argument, Petitioner relies on United States v. Wheeler,[6] Mathis,[7] and Descamps.[8] For relief, Petitioner requests that his career offender sentence and the sentence for his firearm violation be vacated and that he be resentenced "with the correct guidelines." Id. at 8.  He contends that the reason why his remedy by way of § 2255 was inadequate or ineffective to test the legality of his detention is that the claim "could not previously be presented under 2255 [sic], as the basis of this claim being Mathis, would [sic] not permit a subsequent § 2255 motion." Id. at 9.

### IV. Legal Standards

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the

---

[5] In answer to the question in the Court-approved form § 2241 petition that asks whether any/all of the grounds raised were ever previously raised in any other court before, Petitioner stated "[t]his claim was not previously prevented to any court." ECF No. 1 at 7.

[6] United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

[7] In Mathis, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in Taylor v. United States, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

[8] Descamps v. United States, 133 S.Ct. 2276 (2013).

U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. **Pro Se Litigants**

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is clearly not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

C. **Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his

5

sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. <u>See Wheeler</u>, 886 F.3d at 423–26.

## V. <u>Analysis</u>

7

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, Petitioner fails to meet the second prong of Wheeler. Liberally construed, the Petitioner appears to assert that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case. Contrary to the Petitioner's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-17-1408, 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068115, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before the Petitioner's conviction, sentence and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when the statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA (so we have held, over and over) does not care about.

136 S.Ct. at 2557. Simply put, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL1405324, at *4 (S.D. W.Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D. W.Va. Mar. 20, 2018). See also Walker v. Kassell, 726 Fed. Appx. 191, 2018 WL 2979571 (4th Cir. June 13, 2018) (Mathis has not been held retroactive applicable on collateral

8

review, so Walker cannot proceed under §2241); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D. W.Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive). Likewise, Petitioner's reliance on Descamps is also misplaced; Descamps does not apply retroactively in this Circuit either. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D. Md. May 31, 2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive). Accordingly, the Petitioner cannot meet the second prong of Wheeler.

Moreover, even if Petitioner could meet the second prong of the Wheeler test, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker,[11] *advisory* Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[12] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because

---

[11] United States v. Booker, 543 U.S. 220 (2005).

[12] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

The Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20)

handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. **The Clerk is directed to terminate the Magistrate Judge's association with this case.**

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 19, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE